[L. A. No. 26576.   In Bank.   July 17, 1962.]

DEWEY FRANKLIN, Individually and as an Officer, etc., of the Hod Carriers and Laborers Union Local No. 1184, Plaintiff and Appellant, v. CITY OF RIVERSIDE, Defendant and Respondent.

Lewis Garrett, Lionel Richman and Herbert M. Ansell for Plaintiff and Appellant.

Leland J. Thompson, City Attorney, and Justin M. McCarthy, Assistant City Attorney, for Defendant and Respondent.

McCOMB, J.—Plaintiff is an officer, representative and member of the Hod Carriers and Laborers Union Local No. 1184 and a resident and taxpayer of the City of Riverside (hereinafter referred to as "defendant"). Defendant is a municipal corporation existing and operating under a valid freeholders' charter pursuant to article XI, section 8, of the California Constitution.

Plaintiff filed an action for an injunction and declaratory relief, seeking a determination that a contract entered into between defendant and John Roseberry for the performance of a public work was invalid. A judgment was entered in favor of defendant, holding the contract to be valid and enforceable, and plaintiff appeals.

The work to be performed under the contract consisted of the trimming of trees and clearing of brush on high voltage electrical transmission line right-of-way easements owned or controlled by defendant and operated and maintained by its public utilities department.

Through the transmission lines the public utilities department distributes to the residents of defendant city electrical energy originating at various hydroelectric or steam generating plants operated by Southern California Edison Company both within and without the State of California, none of which plants are in defendant city.

The payment by defendant to Mr. Roseberry for the performance of the contract was to be made solely from funds of the public utilities department of defendant, which funds are derived from the revenue of said public utilities department.

Plaintiff contends that the work to be performed under the contract, *being an essential part of the maintenance of high tension lines delivering power from outside the state,* was a matter of state concern and that therefore under section 1773 of the Labor Code* it was necessary that the contract require Mr. Roseberry to pay his employees the general prevailing wage in the community. It was stipulated that the contract included no such requirement.

Defendant, on the other hand, relying on *Pasadena* v. *Charleville,* 215 Cal. 384 [10 P.2d 745], contends that the work to be performed was a municipal affair and that consequently the general law is inapplicable.

This is the sole question necessary for us to determine: *Is it required that the general prevailing wage in the*

---

*Section 1773 of the Labor Code provides, in part: "The body awarding any contract for public work, or otherwise undertaking any public work, shall ascertain the general prevailing rate of per diem wages in the locality in which the public work is to be performed for each craft, classification or type of workman needed to execute the contract, and shall specify in the call for bids for the contract, and in the contract itself, what the general prevailing rate of per diem wages and the general prevailing rate for holiday and overtime work in the locality is for each craft, classification or type of workman needed to execute the contract. . . ."

*community be paid to persons performing maintenance work on high voltage electrical transmission line right-of-way easements owned or controlled by a freeholders' charter city?*

*No.* Even conceding the correctness of plaintiff's contention that the work is a matter of state concern (cf. *Pacific Tel. & Tel. Co.* v. *City & County of San Francisco,* 51 Cal.2d 766, 767 [1a] et seq. [336 P.2d 514]), there is nevertheless no requirement that the general prevailing wage in the community be paid for the type of work here involved.

The work in the present case clearly constitutes maintenance work. It is therefore excluded under the terms of section 1771 of the Labor Code, which provides: "Not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the public work is performed, and not less than the general prevailing rate of per diem wages for holiday and overtime work fixed as provided in this chapter, shall be paid to all workmen employed on public works *exclusive of maintenance work.*" (Italics added.)

The judgment is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., Peters J., and White, J., concurred.

Appellant's petition for a rehearing was denied August 15, 1962.